**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HENRY VANDORN | ) | CASE NO. 5:16 CV 312 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOHN B. McCARTHY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Henry Vandorn filed this action against Ohio Department of Medicaid Director John B. McCarthy on behalf of Community House Reach Out, Ekaterinie Maglis and her minor children A.S., M.S., J.G., and N.G. In the Complaint, Vandorn lists the health concerns of each minor child and indicates Medicaid did not cover the cost of their treatment or other items like diapers and an air purifier. He seeks $ 11,000,000.00.

**I.     Background**

Vandorn contends Maglis has four minor children with medical conditions requiring continuing care. M.S. was born prematurely and required a feeding tube. N.S. has diabetes requiring a special diet and insulin. J.G. takes medication for hypertension. A.S. has no chronic medical condition but is not covered by health insurance. He indicates Maglis is an unemployed single parent who relies on Community House Reach Out to provide for her children. He contends she cannot afford to pay for her children's medical care, and Medicaid does not cover the full cost of their

treatment, nor any additional items like diapers and air purifiers. Vandorn does not state his relationship to either Community House Reach Out, Maglis, or any of the minor children.

**II.      Standard of Review**

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

**III.     Analysis**

This Court lacks subject matter jurisdiction over this matter. In general, a party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).[1] A Plaintiff cannot appear *pro*

---

[1]     28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and
> conduct their own cases personally or by counsel as by the rules

(continued...)

-2-

*se* where interests other than his own are at stake. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("In federal court, a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). An adult litigant who wishes to invoke this Court's jurisdiction must either appear through counsel or personally sign the Complaint. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1998 WL 54071 (6th Cir. May 26, 1988).

Vandorn cannot represent Community House Reach Out, Maglis, A.S., M.S., J.G., or N.G. in court. A corporation or business entity, like Community House Reach Out, may appear in the federal courts only through licensed counsel. *See Rowland v. California Men's Colony Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Similarly, children cannot appear *pro se* and must be represented by counsel. *Shepherd*, 313 F.3d at 970. Maglis could appear *pro se* to litigate her own claims but she did not sign the Complaint to invoke this Court's jurisdiction. There is no indication in the pleading that she was even aware that this action was filed on her behalf. Vandorn is not an attorney licensed to practice law in the State of Ohio or in the United States District Court for the Northern District of Ohio. He cannot file pleadings on behalf of Community House Reach Out, Maglis, A.S., M.S., J.G., or N.G.

Moreover, Vandorn cannot brings these claims on his own behalf because he is not the injured party. In every federal case, the party bringing the suit has the burden to establish standing

---

[1](...continued)
of such courts, respectively, are permitted to manage and conduct cases therein.

to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the Court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To establish standing, the Plaintiff must show that the conduct of which he complains has caused him to personally suffer an "injury in fact" that a favorable judgment will redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-562 (1992). He must also show that he is not asserting claims based on a violation of another person's legal rights and interests, but instead is relying on an injury to his own legal interests. *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Warth*, 422 U.S. at 499; *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). The fact that a Plaintiff may be collaterally affected by the adjudication of another person's rights does not necessarily extend the Court's Article III powers to him. *Allstate Insurance Co.*, 760 F.2d at 692. Vandorn is asserting a violation of the legal interests of Community House Reach Out, Maglis, A.S., M.S., J.G.,and N.G. He is not basing this action on any violation of his own interests. Vandorn therefore lacks standing to assert these claims on his own behalf.

Finally, Vandorn fails to establish a basis for federal court jurisdiction over this case. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of

sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Vandorn lists his address as Canton, Ohio. The Defendant is the Ohio Department of Medicaid Director. The Complaint, as written, suggests that all parties are citizens of Ohio.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" the Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Here, Vandorn is proceeding *pro se* and *pro se* Plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Vandorn failed to properly identify a federal question in this case. In fact, he does not identify a single legal cause of action and none is apparent on the face of the Complaint. Even if Vandorn had standing

to bring this case, he has not established a basis for federal court jurisdiction.

**IV.     Conclusion**

Accordingly, Vandorn's Applications to Proceed *In Forma Pauperis* (Doc. Nos. 2 and 3) are denied as moot. Vandorn paid the full filing fee with the initiation of this action. This action is dismissed for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Date: May 18, 2016                          /s/ John R. Adams
                                            JOHN R. ADAMS
                                            UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.